Filed 5/13/21  Moran v. Regents of the U. of Cal. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| MARISOL MORAN, | B298898 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SS029157) |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed.

The Appellate Law Firm, Corey Evan Parker, Berangere Allen-Blaine, for Plaintiff and Appellant.

Reed Smith, Raymond A. Cardozo; Maranga Morgenstern, Kenneth A. Maranga, Patricia E. Ellyatt, Morgan A. Metzger, for Defendant and Respondent.

————————————

# INTRODUCTION

Marisol Moran appeals from a judgment of dismissal entered after the superior court sustained without leave to amend the demurrer of the Regents of the University of California (Regents) to Moran's third amended petition for writ of mandate or, in the alternative, writ of administrative mandamus. Moran contends the trial court erred in finding that she had not exhausted her administrative remedies and did not allege sufficient facts to state a disability discrimination cause of action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Factual Allegations*[1]

Moran is a former medical student at the David Geffen School of Medicine at the University of California, Los Angeles (UCLA).  Moran has been diagnosed with Attention Deficit Hyperactivity Disorder Inattentive Type and major depression. Moran registered her disabilities with the appropriate UCLA department.

Moran struggled academically, causing her to repeat her first and third years of medical school.  In November 2014, during her repeated third year, the Clerkship Chairs Committee informed Moran that it had "decided to send a recommendation of dismissal to the Faculty Executive Committee . . . on the basis of two failed clerkships in the repeat year."  Moran had failing

---

[1]     "In considering whether a demurrer should have been sustained, 'we accept as true the well-pleaded facts in the operative complaint.'" (*Beacon Residential Community Assn. v. Skidmore, Owings, & Merrill LLP* (2014) 59 Cal.4th 568, 571.)

scores on the Inpatient Internal Medicine and Neurology written exams. Moran appealed the dismissal recommendation to the Committee on Academic Standing, Progress, and Promotion of Medical Students (CASPP).

In February 2015 CASPP referred Moran "back" to the Academic Performance Committee,[2] with a recommendation that Moran continue in the program with a remediation plan that specified the circumstances "that will result in a recommendation for dismissal (i.e., a third failed clerkship exam)." CASPP informed Moran that she could be referred back to CASPP if she was unable to meet the academic and professional standards detailed in the remediation plan. Moran signed an Academic Performance Committee remediation plan on March 5, 2015.

In October 2015 the Academic Performance Committee notified Moran that it would recommend her dismissal. Moran again appealed to CASPP. At a meeting with CASPP in November 2015, Moran requested a leave of absence from the medical school, stating that her father's recent death had exacerbated her disabilities. CASPP denied Moran's appeal and affirmed the dismissal recommendation. CASPP's letter does not address Moran's requested leave of absence, but Moran alleges CASPP denied it. CASPP informed Moran that she could appeal its decision to the Vice Dean for Education, and if the Vice Dean for Education upheld CASPP's decision, Moran could further appeal to the Faculty Executive Committee.

Moran appealed CASPP's decision to the Vice Dean of Education, Dr. Clarence Braddock III. In January 2016,

_____

[2]     Moran's petition appears to refer to the Clerkship Chairs Committee and the Academic Performance Committee interchangeably.

3

Braddock denied Moran's appeal. Braddock noted that Moran alleged that the Academic Performance Committee and CASPP had discriminated against her because they had not accommodated her disabilities by "reconstruct[ing]" her remediation plan; Braddock found no evidence Moran had requested a modification of her remediation plan. Braddock also concluded that the Academic Performance Committee and CASPP followed proper procedures, that neither committee acted arbitrarily or capriciously, and that both committees considered Moran's personal situation and "stressors" in making their decisions.

Braddock advised Moran that the dismissal recommendation was "subject to one final appeal, to the Faculty Executive Committee." Braddock told Moran that an appeal to the Faculty Executive Committee "must be solely based on:

- Evidence of discrimination as determined by the appropriate institutional office[;]
- Evidence of a procedural error in CASPP's review that prejudiced [Moran's] ability to receive a fair hearing[; or]
- Evidence that CASPP acted in an arbitrary and capricious manner[.]"

In a "simultaneous appellate effort," Moran met in February 2016 with UCLA's Vice Chancellor for Students Affairs Monroe Gorden, Jr. Moran alleged that the Academic Performance Committee, CASPP, and Braddock had discriminated against her by not considering her disabilities when deciding to dismiss her.

Moran also appealed Braddock's decision to the Faculty Executive Committee. In March 2016 the Faculty Executive Committee denied Moran's appeal. The committee "found no

4

evidence of any of the three conditions that would allow [the] committee to reverse the decision of either Dean Braddock or CASPP."

In July 2016 Gorden upheld Moran's dismissal.[3]

B. *Moran's Petitions and the Trial Court's Rulings on the Regents's Demurrers*

On July 6, 2017 Moran filed a petition for writ of mandate or, in the alternative, writ of administrative mandamus challenging the medical school's dismissal decision. The trial court sustained the Regents's demurrer to the petition with leave to amend. The court found that Moran's allegations were conclusory and that Moran did not allege facts "explaining why the dismissal hearing was unfair, nor [did Moran] provide any specific allegations indicating she was discriminated against on the basis of a disability." The court also ruled that Moran had not alleged sufficient facts demonstrating she had exhausted administrative remedies.

Moran filed an amended petition.[4] The trial court sustained the Regents's demurrer to the amended petition with leave to amend. The court ruled that Moran must clarify whether the medical school dismissed her for academic performance, discriminated against her based on disability, or both.

---

[3] Moran alleges she appealed the Faculty Executive Committee's decision to Gorden on February 12, 2016. Moran also alleges the Faculty Executive Committee notified her of its decision a month later, on March 15, 2016. This discrepancy does not affect the issues on appeal.

[4] Moran's amended petition is not in the record.

5

Moran filed a second amended petition.  The trial court sustained the Regents's demurrer to the second amended petition with leave to amend.  The court ruled that Moran had not adequately alleged whether her dismissal was due to disability discrimination or other reasons.  The court explained that Moran had not alleged sufficient facts to state a disability discrimination cause of action because Moran did not allege that she requested an accommodation the medical school denied before dismissing her, and Moran did not allege specific facts showing a flawed dismissal decision.  The court gave Moran "one final chance" to amend her petition.

Moran filed a third amended petition.  The trial court sustained the Regents's demurrer to the third amended petition.  The court ruled that because Moran alleged the Regents "violated anti-discrimination laws" by dismissing her based on her disabilities, Moran must allege she had exhausted the Regents's discrimination grievance procedure, and Moran had not done so.  The court observed that the parties disagreed about whether the Academic Performance Committee's dismissal recommendation was conclusive or interim, but found that Moran did not in any event allege sufficient facts to state a disability discrimination cause of action.  Moran did not allege that she had requested a leave of absence before the medical school decided to dismiss her, nor did she allege facts demonstrating that a leave of absence would have allowed her to meet the medical school's eligibility requirements.  Because Moran had had several opportunities to amend her petition without success, the trial court sustained the Regents's demurrer without leave to amend.

Moran timely appealed the trial court's judgment of dismissal.

# DISCUSSION

## A.    *Governing Law and Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint or petition.  (*Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 190.) We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint or petition alleges facts sufficient to state a cause of action or discloses a complete defense.  (*Ibid.*; see also *Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100 (*Loeffler*); *SJJC Aviation Services, LLC v. City of San Jose* (2017) 12 Cal.App.5th 1043, 1051 ["[w]e review the petition and complaint de novo 'to determine whether it alleges facts stating a cause of action under any legal theory'"]; *Jones v. Omnitrans* (2004) 125 Cal.App.4th 273, 277 ["[o]n appeal from a dismissal entered after an order sustaining a demurrer to a petition for writ of mandate, we review the order de novo, determining independently whether the petition states a cause of action as a matter of law"].)

We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20.)  We liberally construe the pleading with a view to substantial justice between the parties.  (Code Civ. Proc., § 452; *Gilkyson v. Disney Enterprises, Inc.* (2016) 244 Cal.App.4th 1336, 1340; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [complaint must be read in context and given a reasonable interpretation].)

B.   *The Trial Court Did Not Err in Sustaining the Regents's Demurrer to Moran's Third Amended Petition Without Leave To Amend*

Moran alleges the medical school discriminated against her by failing to consider her disabilities when deciding to dismiss her.  Moran does not identify in her petition or briefs the statute or other law on which she premises her discrimination claim.  Moran asserts, however, and the Regents agrees, that to state a cause of action for disability discrimination in the medical school's dismissal decision Moran must allege facts supporting the elements identified in *Zukle v. Regents of University of California* (9th Cir. 1999) 166 F.3d 1041 (*Zukle*).

The plaintiff in *Zukle*, a learning disabled student, alleged that the University of California, Davis School of Medicine violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act when it dismissed her for failure to meet the school's academic standards.[5]  We infer from Moran's reliance on *Zukle* that Moran contends the medical school violated the ADA and/or the Rehabilitation Act in dismissing her.[6]  The *Zukle* court explained that "[t]o make out a prima facie case under either the ADA or [the] Rehabilitation Act [a plaintiff] must show that (1)

---

[5]   The *Zukle* court observed that "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act" and applied the same analysis to the plaintiff's claims under both statutes.  (*Zukle, supra,* 166 F.3d at p. 1045, fn. 11.)

[6]   The other case Moran cites in support of her argument that she sufficiently alleged disability discrimination also addresses ADA and Rehabilitation Act claims.  (See *Wong v. Regents of University of California* (9th Cir. 1999) 192 F.3d 807.)

8

she is disabled under the Act; (2) she is 'otherwise qualified' to remain a student at the Medical School, i.e., she can meet the essential eligibility requirements of the school, with or without reasonable accommodation; (3) she was dismissed solely because of her disability; and (4) the Medical School receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim)."[7] (*Zukle*, *supra*, 166 F.3d at p. 1045.)

Moran alleges she "is a student with a documented disability, having been diagnosed with Attention Deficit Hyperactivity Disorder Inattentive Type and Major Depression," and that with reasonable accommodations she would be able to meet the medical school's eligibility requirements. Moran alleges that before "final dismissal" from the medical school, she requested a "short leave of absence in order to cope with her father's death, which had exacerbated her documented disabilities," and the leave of absence "would have allowed [her] to meet [the medical school's] eligibility requirements." Moran further alleges the medical school denied her requested leave of

---

[7] In *Zukle*, the Regents did not dispute that Zukle was disabled or that the medical school received federal financial assistance and was a public entity. (*Zukle*, *supra*, 166 F.3d at p. 1045.) Zukle argued she was "otherwise qualified" with the aid of reasonable accommodations to remain at the medical school and the medical school failed to reasonably accommodate her. (*Id.* at p. 1046.) The appellate court affirmed the district court's order granting summary judgment to the Regents, finding that Zukle had not established that she could meet the medical school's essential eligibility requirements with the aid of reasonable accommodations, and that she therefore had not established a prima facie case of disability discrimination under the ADA or the Rehabilitation Act. (*Id.* at p. 1051.)

9

absence, and the denial rendered Moran unable to meet the medical school's eligibility requirements and caused her dismissal.

These allegations do not state a cause of action for disability discrimination in the medical school's dismissal decision. Moran alleges she requested a leave of absence as an accommodation of her disabilities during a November 2015 meeting with CASPP after the Academic Performance Committee recommended her dismissal. Whether the Academic Performance Committee's recommendation was a final decision subject to appeal or a first step in the dismissal process, its recommendation was the event that caused Moran's ultimate disenrollment from the medical school, and that event had already occurred when Moran requested a leave of absence. Moran alleges no facts indicating that CASPP, Braddock, or the Faculty Executive Committee would have initiated or considered her dismissal without an initial recommendation from the Academic Performance Committee. Thus, because the Academic Performance Committee recommended Moran's dismissal before she requested a leave of absence, neither Moran's request for a leave of absence nor the medical school's refusal to grant one could have caused the Academic Performance Committee to recommend Moran's dismissal.

Moran's allegations are also insufficient because she does not allege any facts demonstrating that a leave of absence would have enabled her to meet the medical school's eligibility requirements. When Moran requested a leave of absence, she had failed two clerkships in her repeated third year and had not complied with the terms of her remediation plan. Moran does not allege any facts explaining how a leave of absence would have

10

permitted her to remedy the two failed clerkships or otherwise meet the requirements of her remediation plan. In the absence of factual allegations showing that with the accommodation Moran requested she could meet the medical school's eligibility requirements, Moran cannot state a cause of action for disability discrimination in the medical school's dismissal decision.

A trial court abuses its discretion by sustaining a demurrer without leave to amend where "'there is a reasonable possibility that the defect can be cured by amendment.'" (*Loeffler*, *supra,* 58 Cal.4th at p. 1100; accord, *City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "'The plaintiff has the burden of proving that [an] amendment would cure the legal defect, and may [even] meet this burden [for the first time] on appeal.'" (*Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1132; accord, *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)

Moran does not argue that she could allege any additional facts supporting her claim nor does she identify any such facts. Moran therefore has not demonstrated any reasonable possibility that the deficiencies in her petition could be cured by amendment. The trial court did not err in sustaining the Regents's demurrer without leave to amend.[8]

---

[8] Because Moran does not allege sufficient facts to state a cause of action, we need not address Moran's contention that the trial court erred in finding that she had not sufficiently alleged exhaustion of administrative remedies.

## DISPOSITION

The judgment of dismissal is affirmed.  The Regents shall recover its costs on appeal.

McCORMICK, J.[*]

We concur:

SEGAL, Acting P. J.

FEUER, J.

---

[*]    Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.